# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017

TELEPHONE: (212) 326-3939 • FACSIMILE: (212) 755-7306

Direct Number: (212) 326-3429
trgeremia@jonesday.com

December 3, 2013

**VIA CM/ECF**

The Honorable Paul Crotty
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    **New York Progress and Protection PAC v. Walsh et al., No. 13 Civ. 6769 (PAC)**.

Dear Judge Crotty :

        We represent Plaintiff New York Progress and Protection PAC ("NYPPP") in the above-referenced action. In accordance with Rule 3D of Your Honor's Individual Practices, we submit this letter to request a pre-motion conference in anticipation of NYPPP filing a motion for summary judgment.

        NYPPP filed this suit to challenge the cap that New York law places on its ability to solicit and accept donations for independent expenditures. The limit of $150,000 in annual aggregate contributions per individual donor threatened NYPPP with imminent, irreparable injury because it was preventing NYPPP from accepting donations that it would use to fund independent advocacy for Joe Lhota in the New York City mayoral election in November 2013. Future enforcement of that cap will injure NYPPP as it will restrict NYPPP's ability to raise money for independent advocacy in connection with the 2014 elections and other elections. Accordingly, NYPPP sought a preliminary injunction and now seeks a permanent injunction barring enforcement of the cap against NYPPP and its donors with respect to contributions to be used for independent expenditures. NYPPP also seeks a declaration that the cap is unconstitutional as applied to contributions made to political committees that engage solely in independent expenditures.

        The Second Circuit's decision reversing this Court's denial of a preliminary injunction makes clear that the contribution cap is unconstitutional as applied to independent expenditure committees. *See New York Progress and Protection PAC v. Walsh et al.*, No. 13-3889, Slip Op. (2d Cir. Oct. 24, 2013). Although the Court professed to "express no opinion on the ultimate outcome" in this case, *id.* at 7, its reasoning establishes that New York's ban on aggregate contributions over $150,000 is unconstitutional as applied to independent expenditure committees. Specifically, the Second Circuit concluded that New York's restriction on campaign contributions is a "direct restriction on political expression." *Id.* at 6. It confirmed that "[t]he Supreme Court held in *Citizens United v. FEC* that the government has no anti-corruption interest in limiting independent expenditures." *Id.* And it squarely held that "[i]t

ALKHOBAR   •   ATLANTA   •   BEIJING   •   BOSTON   •   BRUSSELS   •   CHICAGO   •   CLEVELAND   •   COLUMBUS   •   DALLAS   •   DUBAI
FRANKFURT   •   HONG KONG   •   HOUSTON   •   IRVINE   •   JEDDAH   •   LONDON   •   LOS ANGELES   •   MADRID   •   MEXICO CITY
MILAN   •   MOSCOW   •   MUNICH   •   NEW DELHI   •   NEW YORK   •   PARIS   •   PITTSBURGH   •   RIYADH
SAN DIEGO   •   SAN FRANCISCO   •   SHANGHAI   •   SILICON VALLEY   •   SINGAPORE   •   SYDNEY   •   TAIPEI   •   TOKYO   •   WASHINGTON

The Honorable Paul Crotty
December 3, 2013
Page 2

follows that a donor to an independent expenditure committee such as NYPPP is even further removed from political candidates *and may not be limited in his ability to contribute to such committees*." *Id.* (emphasis added).

The Second Circuit thus rejected Defendants' position that the challenged cap could be preserved by labeling it as a restriction on contributions rather than expenditures. The Court emphasized that a restriction on contributions to independent expenditure committees is unconstitutional regardless of whether it is subject to the "heightened scrutiny" set out in *Buckley v. Valeo* for contributions to candidates, or to the "even higher scrutiny" prescribed for independent expenditures. *Id.* at 7, n.1. This is so, the Court explained, "because preventing *quid pro quo* corruption is the *only* government interest strong enough to justify restrictions on political speech, and the threat of *quid pro quo* corruption does not arise when individuals make contributions to groups that engage in independent spending on political speech." *Id.* (emphasis added). That is, the Court of Appeals expressly stated that (1) the *only* cognizable interest that could support the speech restrictions at issue in this case is the State's interest in preventing *quid pro quo* corruption or its appearance, and (2) limitations on donations to groups making only independent expenditures cannot further that interest.

As described in our prior briefing before this Court and the Second Circuit, that simple syllogism is consistent with the conclusion reached by every Court of Appeals to have addressed the question as well as a host of district courts, and follows inexorably from decades of Supreme Court precedent.

With the Second Circuit having effectively held that New York's contribution cap is unconstitutional as applied to independent expenditure committees, the only step remaining in this case is for this Court to enter a permanent injunction and declaratory judgment. In particular, the Court of Appeals rejected this Court's view that development of a factual record was needed because it might show that "so-called independent expenditure-only committees that have only one purpose—advancing a single candidacy at a single point in time—are not truly independent as a matter of a law." *Id.* at 10, n.3. Even assuming *arguendo* that this could describe NYPPP's activity going forward, "[a]n independent committee's choice to advocate on behalf of a single candidate" is "irrelevant" because, "[u]nder *Buckley* and *Citizens United*, absence of prearrangement and coordination with a candidate are the hallmarks of committee independence." *Id.* (internal quotation marks omitted). Accordingly, there is no potential discovery or other factual development that would change NYPPP's entitlement to final relief as a matter of law under the Second Circuit's decision. And the other concerns previously voiced by this Court about the timing of injunctive relief all weigh in *favor* of resolving this case as far in advance of future elections as possible.

JONES DAY

The Honorable Paul Crotty
December 3, 2013
Page 3

   Therefore, Plaintiff respectfully requests a pre-motion conference in anticipation of filing a motion for summary judgment.  We look forward to the conference and will provide any additional information in connection with it at Your Honor's request.

            Sincerely,

            */s/ Todd R. Geremia*

            Todd R. Geremia

cc:  All counsel of record (*via CM/ECF*)